UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARUN PAUL, | No. C-09-4751 VRW (EMC) |
| Plaintiff, | |
| v. | **ORDER RE JOINT LETTER OF AUGUST 12, 2010** |
| PG&E CORPORATION, *et al.*, | |
| Defendants. | **(Docket No. 28)** |
| _____/ | |

On August 12, 2010, the parties submitted a joint letter regarding a discovery dispute. A hearing was held on the dispute on September 29, 2010. This order memorializes the rulings made by the Court at the hearing.

Plaintiff seeks production of documents from the 2007 to 2009 time period from the Open Pages/FCM database to which he had access while working for Defendant's Supply Chain Compliance Group. At the hearing, Defendant stated that there is no way to determine which documents Plaintiff actually accessed. This, however, is not a reason to deny any discovery from the database at issue. There are still relevant documents within the database since Plaintiff had access to them.

Defendant argues still that, before it should be required to produce any documents from the database, Plaintiff should be required to provide more specificity about the complaints that he made. Defendant asserts that, unless this approach is taken, it will be prejudiced because Plaintiff will be able to enhance his case and/or even contrive complaints not actually made. However, Defendant has made no showing that Plaintiff was required to have such specificity in his complaint for purposes of Federal Rule of Civil Procedure 8. If Defendant sought additional specificity because of its concerns, it could

have moved for a more definite statement, propounded interrogatories on Plaintiff, or even deposed Plaintiff. Defendant did not do so. To the extent Defendant now asks for permission to take the deposition of Plaintiff prior to production of any documents, that request comes too late and is denied.

Finally, the Court rejects Defendant's argument that documents dated prior to March 2008, which is the date that Plaintiff joined the Compliance Group, are irrelevant. Although Plaintiff may not have joined the group until March 2008, presumably, he still could have viewed documents that were created prior to that date. However, the Court agrees with Defendant that documents created after he left the Compliance Group in November 2008 are irrelevant. The issue is what Plaintiff knew, *see Van Asdale v. International Game Tech.*, 577 F.3d 989, 1000 (9th Cir. 2009) (stating that, "to trigger the protections of the Act, an employee must . . . have (1) a subjective belief that the conduct being reported violated a listed law, and (2) this belief must be objectively reasonable"), and clearly Plaintiff could not have knowledge of any documents that were created after he left the group. Of course, Defendant should still produce any documents, even if created after he left the group, to the extent they refer to Plaintiff.

Accordingly, the Court shall require documents to be produced from the database at issue from 2007 up to the date that Plaintiff left the Compliance Group.

IT IS SO ORDERED.

Dated: October 15, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge