# Exhibit 1

| | |
|---|---|
| **From:** | Gillette, Patricia |
| **Sent:** | Monday, October 11, 2010 3:16 PM |
| **To:** | 'dow.patten@gmail.com' |
| **Cc:** | Gillette, Patricia; Dawson, Pamela; Arena, Brooke |
| **Subject:** | paul v. pg&e |

Dow: This will confirm our telephone conversation today regarding the above referenced case.

As we discussed last week, we will be substituting in for Ms. Dyer's firm as counsel for PG&E. We will have the substitution of attorneys filed with the court tomorrow when the courts are open.

With respect to discovery, I asked that you provide me with dates for the depositions of Mr. Twamugabo and Mr. Alston as well as for the Plaintiff so that we can arrange a mutually convenient time for these depositions. I understand that you would like to take the depositions of Mr. Twamugabo (on whom you served a subpoena) and perhaps Mr. Alston (on whom you have not served a subpoena) before the Plaintiff's deposition. Let's get some dates on which we are both available as well as the witnesses and see what that looks like before we commit to any particular order (although we will certainly try to schedule Mr. Twamugabo's deposition first).

As for the production of the documents, it is my understanding that there is a disagreement about the Court's order. As soon as we have confirmation about what is supposed to be produced, we will get the documents from the client and produce them to you.

Going forward, please send all emails to me, Brooke Arena (the other attorney from our office on this case), and my assistant, Pam Dawson. Brooke's email is barena@orrick.com; Pam's email is pdawson@orrick.com. My email and contact information is listed below.

Thank you for your assistance.

Patricia K. Gillette
Partner
Orrick Herrington & Sutcliffe
405 Howard Street
San Francisco, CA 94105
(415) 733-5773
pgillette@orrick.com

# Exhibit 2



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

October 21, 2010

FILE COPY
Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:   Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

Thank you for a productive meet and confer session yesterday afternoon. We appreciate you coming to our offices for an in-person meeting and hope that we can continue to work cooperatively on this case. This letter summarizes our understanding of the issues we discussed. If this does not accurately state your understanding, please let us know right away.

First, we agreed that Defendant will produce documents encompassed by Judge Chen's October 15, 2010 order within 10 days of the entry of the order, or October 25, 2010.

Second, we discussed Plaintiff's special interrogatories, which were propounded on PG&E Corporation. It is Defendant's position that PG&E Corporation is unable to provide information sought because PG&E Corporation did not produce the documents referred to in the interrogatories and did not employ or terminate Plaintiff, and that the interrogatories would be properly propounded on Pacific Gas and Electric Company. Rather than require Plaintiff to re-propound these interrogatories on the proper entity, we will agree to provide responses on behalf of Pacific Gas and Electric Company within 30 days of this letter.

Next, we discussed some of the witnesses Plaintiff would like to depose. Specifically, you provided several available dates in the coming weeks. We agreed to review our schedule and that of our client and suggest dates for the depositions of Charles Twamugabo, Will Santos, Carolyn Hiller, and Plaintiff. We understand that the parties informally agreed to the production of certain documents in advance of Ms. Hiller's deposition. It is our understanding that Defendant produced the documents Bates-labeled PGE_PAUL_000698 through 0001483 in response to this request. If there are further documents you wish for Defendant to produce before Ms. Hiller's deposition, please let us know and, to the extent such documents are not the subject of pending discovery requests, identify your requests in a formal deposition notice. We understand that you would also like to depose witnesses identified in Plaintiff's initial disclosures. We will discuss these other



**ORRICK**

Dow W. Patten
October 21, 2010
Page 2

witnesses once the parties have scheduled the depositions of Mr. Twamugabo, Mr. Santos, Ms. Hiller, and Plaintiff.

Finally, we discussed Plaintiff's second request for production of documents. You agreed to extend Defendant's time to respond by ten days; Defendant's response is now due on November 1, 2010.

Again, thank you for a productive meeting. If you wish to discuss these matters further, please contact us.

Very truly yours,

Brooke D. Arena/KAB

Brooke D. Arena

BDA/kab

cc:    Patricia K. Gillette

# Exhibit 3

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

October 26, 2010

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

Re:   Paul v. PG&E, et. al.
      USDC Case No. 3:09-cv-04751-JSW

Dear Ms. Gillette and Ms. Arena:

I have had no response to my fax correspondence of October 22, 2010. I write again in a final effort to meet and confer concerning the items contained in this letter. If we are unable to reach agreement on these items or to cooperate in resolving these issues, we will have to seek judicial intervention. Please let me have a response via facsimile no later than the close of business tomorrow, October 27, 2010.

We received a box of large-format documents bearing bates numbers PGE_PAUL003287 THROUGH PGE_PAUL004873. Ms. Arena's accompanying letter states that these documents are being produced pursuant to Judge Chen's October 15, 2010 order. I called Ms. Arena at approximately 1:45 p.m. today and left her a voicemail with several questions concerning this production.

## 1. FORMAT of PGE_PAUL003287 THROUGH PGE_PAUL004873.

I do not understand why the documents are produced in large format. To date only document numbers PGE_PAUL003133 through PGE_PAUL003262 have been produced in large format. Further, the column headings on the documents produced yesterday are dramatically different from those already produced (i.e., those as to which Varun Paul was either tester or reviewer). To me, the documents produced yesterday appear to have been exported into tables and are not the data as they were stored. These printouts of data appear to me to be sanitized representations of the actual data ordered by Judge Chen. Either Orrick, PG&E, or your vendor has the raw data. Simply put it on digital media and produce it in the form in which it was stored. If that is not the case, please indicate (a) how the documents produced yesterday were generated; (b) who has the raw data; and (c) what form the raw data is in. Absent these specifics, we cannot meaningfully meet and confer on this issue.

Once, again, the requests for production seek, *inter alia,* "Each and every document **or electronically stored information generated within the Financial Controls Management (FCM) ...**". Indeed,

1

each and every request in the first set of requests for production of documents seeks "documents or electronically stored information". Please review documents previously produced as PGEPAUL_003157 through PGEPAUL_003171. We expect production of this type of document with respect to every test identified in the documents produced on Monday. Please confirm by the close of business October 27, 2010 whether Defendant will produce such documents.

## 2. PG&E CORP'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Please let us know by the close of business October 27, 2010 whether PG&E Corp. will provide substantive answers, and not mere objections, to Plaintiff's first set of interrogatories. We do not want a response to that set of interrogatories from Pacific Gas & Electric Company. It is propounded to PG&E Corp and must be answered and verified by PG&E Corp.

## 3. SCHEDULING OF DEPOSITIONS

Please provide dates of availability for deposition for Charles Twamugabo, Will Santos, Carolyn Hiller, and Stacey Campos by the close of business October 27, 2010. Once these depositions are scheduled we will need dates for the remainder of the witnesses in Plaintiff's initial disclosures. Please provide the letters I requested for Mr. Twamugabo and Mr. Santos so that we can schedule their depositions with minimal impact to these third parties' schedules. Please confirm whether the witnesses listed in Plaintiff's initial disclosures are subject to either Defendant's control. Please do the foregoing prior to the close of business October 27, 2010.

Concerning Plaintiff's deposition, at our in-person attempt to meet and confer, wherein, I provided numerous dates throughout the coming months when we were available to conduct depositions, and Orrick provided not a single date of availability for any deposition, I requested an accommodation for my client's deposition; i.e., that it be performed on a weekend, since my client is starting new work, and we would like to minimize the impact of this case on his ability to mitigate his damages. Ms. Gillette refused the accommodation. I asked why she would not accommodate a simple request for a weekend deposition. Her response was, "I'm not required to; I won't do it," or words to that effect. I asked her again to reconsider, since my client is having a difficult time remaining employed in this economy. Ms. Gillette refused and provided no other basis for her refusal. I ask that Orrick reconsider its position on this matter and work with us to minimize the impact of this litigation on the parties by having my client's deposition occur on a weekend day.

Concerning contact with Ms. Rhodes, please report on your stated efforts to get to the bottom of who contacted her inquiring about our client. Again, her contact information was designated confidential under the stipulated protective order. Neither party has sought relief from any designation; therefore, we consider any use of her contact information as a violation of the protective order. Please report the findings of the investigation you promised to perform no later than the close of business October 27, 2010.

Please respond to these matters as soon as possible.

Very truly yours,

Dow W. Patten, Of Counsel

# Exhibit 4

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

October 21, 2010

*VIA FACSIMILE NO.: (415) 773-5159*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

Re:  Paul v. PG&E, et. al.
     USDC Case No. 3:09-cv-04751-JSW

Dear Ms. Gillette and Ms. Arena:

Thank you for your correspondence of today. As I indicated in my email to Ms. Arena, I was mistaken in my call to Ms. Gillette yesterday concerning limitations on the number of requests for production of documents. We will respond to all the requests, reserving all our objections.

Concerning our meeting at your offices yesterday, I write to clarify a few points and to correct a few misstatements in Ms. Arena's letter. Please do me the courtesy of a reply if I misstate anything herein or mischaracterize any of your points.

We agree that PG&E will produce documents Ordered by Judge Chen on or before October 25, 2010. As I indicated to both of you, the first request for production specifically states that electronic production is sought. If you do not have a copy of that request in your file, I will happily forward one to your office. I told you the importance of having the electronic version, as we intend to have forensic analysis done of these files. Please let me know immediately if your clients will not produce the documents in the electronic form in which they are stored by OpenPages. Further, please let us know immediately if your clients do not have the original forms so that we may subpoena the documents from OpenPages directly.

Concerning Plaintiff's first set of special interrogatories. We will propound another set to Pacific Gas & Electric Company. If you have any other basis for standing by the non-answers provided by PG&E Corp., please provide them now. We are entitled to have a response from the corporation, whether or not the corporation believes it employed our client. The information requested is reasonably available to the corporation, is within its custody and control; therefore, a substantive answer is required. Please let us know as soon as possible on this score so that we can cue this up for judicial resolution.

Concerning deposition scheduling: I was dismayed that you did not provide a single date for deposition, other than to state that December 29th Ms. Gillette would not be around. I asked whether Ms. Gillette would be defending the depositions. I was not given a response other than it had not been decided. I thought that our meeting was to get a deposition schedule together, but your failure to participate in good faith by having dates of availability made that impossible. Absent any cooperation, I unilaterally provided dates from our calendar in which we had availability as of October 20, 2010:

> November 30
> December 1, 2, 6, 7, 29, and 30
> January 4, 7, 10, 11, 13, 17, and 18

I informed you that we have trial scheduled in both December and February. I ask that you respond in kind and provide your availability immediately.

As to the deponents, I was prepared to discuss availability for the depositions of the persons identified in Plaintiff's Initial and Supplemental Disclosures. Neither of you were prepared to do so. Instead, we focused on the depositions already either noticed or in the process of scheduling: Twamugabo, Santos, and Hiller. You also indicated that you would like to take Plaintiff's deposition, which prior to the oral request of former counsel at the hearing before Judge Chen, was the first we had heard of PG&E having any interest in deposing our client. Rest assured, we will fully comply with our obligations under the FRCP in this regard. However, a significant amount of discovery is currently pending and must be completed.

I asked Ms. Gillette for a letter stating that she has no objection to my contacting Mssrs. Twamugabo and Santos for the purpose of scheduling depositions only. I await receipt of that letter as soon as possible.

We have not agreed to wait to schedule any further depositions. Ms. Arena's letter appears to state your preference for scheduling the Twamugabo, Santos, Hiller and Paul depositions first. We have not agreed to any such limitation on the order and timing of depositions. We have asked you to identify which persons in Plaintiff's Initial and Supplemental Disclosures your clients have contractual relations with concerning the providing of testimony. I look forward to that letter at your earliest possible convenience, since we will not notice those depositions unless and until we have your word that you will not instruct any witnesses not to appear for deposition. To recap: First, please identify which witnesses (set forth in Plaintiff's Initial and Supplemental Disclosures) either defendant currently employs and for those not employed by either defendant, whether a contractual agreement is in place that requires notice to the defendant prior to the giving of testimony. Second, please provide your dates of availability in November, December, and January for to schedule those depositions. Third, please provide a letter to me for all non-employee witnesses with whom either defendant has contractual relations concerning the giving of testimony so that I can be assured that my efforts to schedule depositions and issue subpoenas are not fruitless.

I recall there being some issue with Ms. Hiller's employment status. Is she or is she not currently employed by either defendant?

We briefly met and conferred concerning Plaintiff's second request for production of documents. I agreed to allow you an additional ten days, through and including November 1, 2010 to *both respond*

2

*to the request and produce the documents*. We expect the responsive documents to be produced on that date. The only request which you indicated would be met with only and objection was Request No. 17. Otherwise, you indicated that the response would be substantive and that responsive documents, if they exist, would be produced.

In that you were unable to substantively meet and confer concerning the defendant's responses to Plaintiff's First Set of Requests for Admissions and First Set of Requests for Production of Documents, please indicate a date and time for a conference on those requests. If you prefer a letter prior to a telephonic or in-person conference, please advise and we will do our best to accommodate you.

Lastly, I must write to confirm our discussions over the contact to our client's ex-girlfriend Ms. Rhodes. She was contacted recently by someone purporting to be from a law firm and asked questions concerning our client and the litigation. I immediately called your office to inform you of the situation and demanded that any such communications cease and desist. Ms. Gillette assured me that neither Orrick nor anyone with who Orrick has contracted made such a call. I asked that you check with the Defendants, especially their corporate security unit(s) to verify whether they have made any such contact.

The gravamen of this contact is that the contact information for and information about Ms. Rhodes is only contained in a printout of our client's Yahoo contacts file, which has been designated as confidential under the protective order in this matter. Any use of that information is, in our estimation, a willful and clear violation of that order. If we find that either defendant or their agents or employees have engaged in this type of behavior we will not only move for sanctions before the court, but we will seek to amend the complaint as appropriate to include appropriate causes of action for defamation, invasion of privacy, and the like. I await Ms. Gillette's promised response on whether your clients are behind this contact of Ms. Rhodes.

Thank you.

Very truly yours,

Dow W. Patten, Of Counsel

# Exhibit 5



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

**FILE COPY**

October 26, 2010

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter responds to your letters dated October 21 and October 22, 2010, regarding the above-referenced case.

With respect to Plaintiff's interrogatories to PG&E Corporation, we do not believe that any further response from PG&E Corporation is appropriate. As noted in my previous letter to you, we will provide substantive responses on behalf of Pacific Gas and Electric Company. The first interrogatory asks PG&E Corporation to state whether the employees referred to in documents PGEPAUL_002499 through PGEPAUL_003122 were salaried or hourly. This interrogatory is properly propounded on Pacific Gas and Electric Company, because that is the entity that produced the documents referenced. Accordingly, we will provide a substantive response on its behalf. The second interrogatory asks for the reasons Plaintiff's employment was terminated. Because Plaintiff was employed by Pacific Gas and Electric Company, this interrogatory is properly propounded on that entity and that entity will provide a substantive response. The third and final interrogatory seeks the identity of civil actions filed against PG&E Corporation. PG&E Corporation fully responded to this interrogatory. In sum, Plaintiff has received or will receive full, substantive responses to each of the interrogatories.

We disagree with your characterization of our October 20 discussion regarding Plaintiff's second request for production of documents as "faux meet and confer." In good faith, we reviewed the requests together and listened to your explanation of the requests and your position regarding their relevance. Without waiving any objections, we stated that we would confer with our client regarding appropriate responses. As I noted in my previous letter, we will provide substantive responses and responsive documents to the extent the requests are appropriate. Once we have served those responses, we invite you to meet and confer with us regarding any outstanding issues.

Regarding the scheduling of depositions, you have previously issued a subpoena for the deposition of Charles Twamugabo. We wish to advise you that we will represent Mr. Twamugabo for the



ORRICK

purposes of deposition. We are in the process of confirming Mr. Twamugabo's availability for deposition and will provide you with dates as soon as possible. Likewise, we are in the process of confirming Carolyn Hiller's availability for deposition and will provide you with dates as soon as possible. You have also indicated your desire to depose Will Santos. We are available for Mr. Santos's deposition on December 6 or December 7. As you have requested, enclosed please find a letter to you stating that you may contact Mr. Santos regarding the scheduling of his depositions and that Defendants do not object to him appearing for deposition.

As you know, we intend to depose Plaintiff. We are available for Plaintiff's deposition on December 6 or December 7. Please let us know promptly whether we may proceed with Plaintiff's deposition on one of these dates, or provide us with alternate dates.

Next, you have requested the employment status of the other witnesses listed in Plaintiff's Initial Disclosures. The following individuals are currently employed by PG&E and may be contacted only through counsel: Keith Jarus, Aman Beyene, Kevin Montgomery, Damian Wasserlauf, Vitaly Tyurin, Sybil Garrett, Diane Thurman, John O'Shea, Ed Kenney, Stacy Campos, Chris Johns, Kent Harvey, and Des Bell. The remaining witnesses listed in your Initial Disclosures—Deborah Brown, Carolyn Hiller, Florecita Cummings, and James Redeker—are no longer employed by Defendants, however we are in the process of confirming which of these witnesses will be represented by use for the purposes of deposition. We will advise you of their status as soon as we are able. So that we may meet and confer regarding the scheduling of any additional depositions, please let us know which of the foregoing individuals you intend to depose, keeping in mind that each party is limited to ten depositions. Since you have indicated you intend to depose Messrs. Twamugabo and Santos and Ms. Hiller, you have seven more depositions that you may schedule. Pursuant to Local Rule, we ask that you confer with us regarding the scheduling of depositions before issuing any subpoenas or serving any notices.

Next, you have requested that the parties meet and confer regarding Defendant's response to Plaintiff's request for admissions and first request for production of documents. We are available to meet and confer telephonically regarding these responses on November 2 or 3. Please let us know what time is best for you. Our time will be more productive if Plaintiff provides a letter in advance of the call summarizing the issues you wish to meet and confer about.

Finally, you notified us on October 20 that Plaintiff's ex-girlfriend Alana Rhodes received a phone call from someone inquiring about Plaintiff and this case. According to you, the caller stated that he or she was from a law firm, but did not identify himself or herself. We have notified you that neither Orrick nor any agent for Orrick made any call to Ms. Rhodes. Further, we have confirmed with our client that neither the PG&E Legal Department nor the PG&E Corporate Security



ORRICK

Department contacted Ms. Rhodes.  Indeed, after investigating your concerns, Defendants have no information concerning the supposed call to Ms. Rhodes.

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

Enclosure

cc:      Patricia K. Gillette

# Exhibit 6

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

October 26, 2010

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

      Re:    Paul v. PG&E, et. al.
             USDC Case No. 3:09-cv-04751-JSW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's facsimile correspondence of today, received in our office after 6:00 p.m. We appreciate providing us with two days in December for deposition; however, given your delay in responding with Orrick's availability for deposition, those days are no longer available. Please provide alternate dates of availability for conducting the deposition of Mr. Twamugabo.

When we left our in person meet and confer session last week, you were to provide me with a letter indicating that you would not object to Mr. Twamugabo appearing for deposition so that I could use that to contact him without fear of Ms. Gillette interfering with properly served process. Now Ms. Arena informs me that PG&E is representing Mr. Twamugabo at the deposition. At our meet and confer session, neither Ms. Gillette nor Ms. Arena indicated that they intended to contact Mr. Twamugabo for purposes of representing him. Neither of you gave any indication of your intent to do so. I consider your actions evidence of bad faith litigation tactics, especially given that Plaintiff has already incurred substantial costs to serve and have a court reporter ready to proceed with Mr. Twamugabo's deposition; Ms. Gillette called Mr. Twamugabo and "instructed him not to appear", then disclaimed having doen so. This prevarication and dissemblage is unbecoming, and I urge you to cease this type of gamesmanship.

PG&E has had nearly a year to indicate that it would be representing Mr. Twamugabo at deposition, as Mr. Twamugabo figures prominently in the Complaint in this matter and was one of the first persons disclosed as a witness in this matter. PG&E failed to do so.

Given these new developments, we must insist on having a full production of documents prior to conducting Mr. Twamugabo's deposition or any other deposition in this matter. We must meet and confer immediately on Defendants' document production in response to Judge Chen's order, as it is the

only discovery subject to Court order to date in this matter.    Therefore, we must ask that you respond to my meet and confer correspondence of earlier today by noon October 27, 2010.    As described in my correspondence of earlier today, the production is seriously deficient in a number of aspects outlined in my previous letter of today, and we do not wish to delay further the data and documents which should have been produced months ago.   PG&E needs to comply fully with Judge Chen's order before we spend any further effort scheduling or obtaining discovery by other methods in this matter.

Ms. Arena's 6:00 p.m. fax today also stated, "Further, we have confirmed with our client that neither the PG&E Legal Department nor the PG&E Corporate Security Department contacted Ms. Rhodes." Given the brief but telling history of your litigation tactics in this matter, Ms. Arena's parsing of words is troubling.  We did not ask you to determine whether PG&E Legal Department or PG&E Corporate Security Department contacted Ms. Rhodes; rather, we asked that you determine whether anyone under either Defendant's control or at either Defendant's direction made this contact.  Please so inquire to get to the bottom of this issue, as this is potentially a serious violation of the protective order.

Please respond to these matters as soon as possible.   I will be available all day October 27, 2010 to meet and confer concerning these matters.

Very truly yours,

Dow W. Patten, Of Counsel

2

# Exhibit 7



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-26

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

FILE COPY

October 29, 2010

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter responds to your letters dated October 26 (approx. 4:00 p.m.), October 26 (approx. 9:00 p.m.), October 27 (approx. 1:30 p.m.), October 27 (approx. 3:15 p.m.), October 27 (approx. 5:00 p.m.), and October 28, 2010, regarding the above-referenced case. Taking together the below response as well as my October 27 email correspondence to you and our numerous phone conversations over the past several days, I believe that I have addressed all of the issues raised in your letters. However, if I have overlooked something, please bring it to my attention.

First, I believe that our meet and confer efforts have resolved many of the issues you raised regarding Defendant's production of documents in response to Judge Chen's October 15, 2010 order. To correct a misunderstanding in your letters, the spreadsheet represented by documents PGE PAUL_003614 through PGE PAUL_004873 was generated by Defendant; Orrick simply formatted the spreadsheet so that the contents would fit on the paper. By messenger today, Defendant has provided Plaintiff with the electronic version of the Excel file represented by these hard-copy documents. Once you have had a chance to review the file, please notify me if Plaintiff has any remaining objection to the format of the production.

Your October 28 letter describes Plaintiff's position that Defendant has not provided all documents in response to Plaintiff's Request for Production Nos. 2 through 10. We disagree. As you acknowledge in your letter, the parties met and conferred regarding Request Nos. 1 through 10 and submitted all outstanding disputes to Judge Chen. After reviewing extensive briefing and holding a hearing, Judge Chen ordered Defendant to produce "documents... from the database at issue [FCM OpenPages] from 2007 up to the date that Plaintiff left the Compliance Group." Defendant's October 25, 2010 production fully complied with this order. In addition, although not compelled by Judge Chen's order, Defendant has previously produced other documents responsive to Plaintiff's Request Nos. 2 through 10. This includes, but is not limited to, all documents and emails sent or received by Carolyn Hiller to, from, or regarding Plaintiff; all emails Plaintiff sent or received; all contacts and calendar entries in Plaintiff's Outlook folder; and all test results, change histories, and



ORRICK

detailed testing work papers for each control on which Plaintiff was a tester or reviewer. In short, any issues regarding Plaintiff's Request Nos. 1 through 10 have been adjudicated by Judge Chen and the resolution is fully embodied in his order, with which Defendant has complied.

Next, you have requested again that Defendant PG&E Corporation provide further responses to Plaintiff's interrogatories. As described in my previous correspondence to you, in which I detailed our position on each of the interrogatories, we do not believe that any further response from PG&E Corporation is required. We will provide responses on behalf of the proper entity, Pacific Gas and Electric Company.

With respect to depositions, we have been working to schedule mutually-agreeable dates for the depositions of Charles Twamugabo, Will Santos, Plaintiff, and Carolyn Hiller. We are disappointed that you are no longer available on December 6 and 7— dates you originally offered. The next-available dates you provided to us are December 29 and 30; we informed you last week that we are not available on these dates. We ask that you reconsider your schedule and let us know if you have any availability earlier in December or in November, as it is in both parties' interests to get depositions going as soon as possible. (Although we currently do not have availability in November, we may have dates opening up, and we will advise you accordingly.) If you are not available earlier, we will consider the dates you proposed in January— please advise if there has been any change to your availability then.

In addition, you asked us to reconsider your request that Plaintiff be deposed on a Saturday or Sunday. We will not accommodate this request. Your stated reason for requesting a weekend deposition is that Plaintiff is employed. This is true for the majority of individual plaintiffs. One of the responsibilities that comes with initiating a lawsuit is the obligation to make oneself available for discovery. We see no reason why Plaintiff cannot attend his deposition on a weekday.

Finally, you have expressed dissatisfaction with the information provided in my earlier correspondence confirming that neither the PG&E Legal Department nor the PG&E Corporate Security Department contacted Ms. Rhodes. This statement was not intended to be evasive in any way. To be clear, our investigation of your concerns has turned up zero facts or evidence that anyone under the control or direction of either Defendant was involved in contacting Ms. Rhodes. If you have information to the contrary, we appreciate you providing it to us. Otherwise, we consider this matter closed.



**ORRICK**

Dow W. Patten
October 29, 2010
Page 3

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

cc:     Patricia K. Gillette

# Exhibit 8

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

November 3, 2010

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

>       Re:     Paul v. PG&E, et. al.
>               USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's email correspondence of today concerning the scheduling of depositions in this matter. We prefer to use facsimile correspondence rather than email, as it generally provides receipt of transmission, whereas the use of SMTP does not necessarily provide such a receipt.

At our in-person meet and confer session on October 20, 2010 I gave you both numerous dates throughout November, December and January for deposition. You provided no dates at that time.

On October 26, 2010, I asked that you provide us with deposition availability for Mr. Twamugabo, Mr. Santos, Ms. Hiller, and Ms. Campos. Ms. Arena responded with two dates for the deposition of Mr. Santos and Plaintiff. You have not provided dates of availability for any of the other witnesses, including the only witness with a pending deposition: Mr. Twamugabo. You now assert that you represent him. If so, please provide his availability for deposition immediately.

Once again, despite the lack of reciprocation, and in an effort to meet and confer prior to simply noticing these depositions, as of today, we are available on the following dates for the foregoing depositions:

>       December 22
>       January 4, 7, 11, 12, 13, 17, 18, 19, 20

Please provide your availability and the availability of the deponents referenced above whom you represent as soon as possible.

Concerning Plaintiff's deposition, we will be happy to discuss the scheduling of Plaintiff's deposition when the electronic files ordered by Judge Chen have been produced. Please let us know when we can

1

expect the electronic files.

Very truly yours,

Dow W. Patten, Of Counsel

2

# Exhibit 9



## ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
www.orrick.com

FILE COPY

November 4, 2010

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

We are in receipt of your November 3 letter in the above-referenced matter. Thank you for providing additional availability for depositions. We are available to take Plaintiff's deposition on December 22, 2010. We see no impediment to scheduling Plaintiff's deposition, as Defendant has fully complied with Judge Chen's October 15, 2010 order. Accordingly, we will serve an amended notice of deposition shortly.

We are available for Ms. Hiller's deposition on January 11 or 18, 2011. We and Charles Twamugabo are available for Mr. Twamugabo's deposition on January 7 or 12, 2001. We are available on these same dates for the deposition of Will Santos. Please advise which dates you wish to proceed with.

Thank you for your continued courtesy in this matter.

Very truly yours,

*Brooke D. Arena /KAB*

Brooke D. Arena

cc:     Patricia K. Gillette

# Exhibit 10

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

November 4, 2010

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

Re:  Paul v. PG&E, et. al.
     USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

Thank you for Ms. Arena's fax letter of 4:49 p.m. today.  I must write to correct a number of misstatements in that letter.

First, the letter states, "Accordingly, we will serve an amended notice of deposition shortly." Defendants have not noticed any depositions in this matter, as verified in Judge Chen's October 15 Order; therefore, no amended notices of deposition from your office are appropriate.

Second, we obviously disagree with the statement ". . Defendant has fully complied with Judge Chen's October 15, 2010 order." My fax correspondence yesterday asked when we could expect the electronic files (the Oracle Database files) in compliance with Judge Chen's order.  Ms. Arena's fax of today makes no mention of this important outstanding discovery issue, nor of our request as to when it would be produced.

To recap, what you have produced of the OpenPages database is not the database itself, but rather a spreadsheet report based upon the data in the OpenPages database.  We do not know who made this report, and our client has never seen this data presented in this form.  As we have stated in our previous meet and confer correspondence, the request at issue sought the electronic databse file itself, not Excel spreadsheets containing some of the information in the electronic database file.  If Defendants are now refusing to produce these electronic database file, please so indicate so that we may comply with Judge Walker's standing order concerning the submission of discovery disputes.

Third, the dates we provided you in our fax of yesterday were dates of counsel's availability, not our client's as Judge Chen's order concerning PG&E's production of the OpenPages database remains unfulfilled, and PG&E must produce that database prior to taking Plaintiff's deposition.

1

Fourth, the only deposition noticed in this matter is the subpoena served upon PG&E's former employee Mr. Twamugabo. That deposition obviously has priority over any subsequently noticed depositions, especially in light of Ms. Gillette's call to the witness and her instructions to him not to attend the deposition for which he had been subpoenaed, and our costs incurred in having to deal with that improper interference in the discovery process. Since both your office and Mr. Twamugabo are available on January 12, 2011, we will notice the deposition that date.

Please confirm whether you are authorized to accept service of the subpoena for Mr. Twamugabo's deposition on January 12, 2011.

We are happy to schedule Plaintiff's deposition once Judge Chen's October 15 Order has been complied with through the production of the OpenPages database to which Plaintiff had access in the electronic format in which it was requested. Please let us know by noon tomorrow, November 5, 2010 when the database will be produced or whether you are refusing to produce it so that we may comply with Presiding Judge Walker's standing order regarding discovery disputes.

Very truly yours,

Dow W. Patten
Of Counsel

# Exhibit 11



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

FILE COPY

Brooke D. Arena
(415) 773-5756
barena@orrick.com

November 15, 2010

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter responds to your November 4, 2010 letter regarding depositions in the above-referenced matter.

Please provide dates on which Plaintiff is available for deposition in the first half of January 2011. Given both sides' limited availability, we think it makes sense to schedule Plaintiff's deposition as soon as possible. While I understand that you believe there are outstanding issues regarding Defendant's compliance with Judge Chen's October 15, 2010 order, there are at least six weeks for the parties to resolve these issues before the earliest date Plaintiff would be deposed. We see no reason why a date cannot be agreed upon now, before other commitments cause dates to become unavailable.

Please note that we are happy to continue scheduling other witnesses for deposition—for example, Charles Twamugabo, whose deposition we have scheduled for January 12, 2011—but we do not believe that any particular witness is entitled to "priority." My prior correspondence included our available dates for the depositions of Carolyn Hiller and Will Santos. Please let me know on what dates you wish to proceed with these depositions. To aid in our scheduling efforts, please also indicate which other witnesses you intend to depose so that we can collect available dates for those witnesses.

Regarding your position that Judge Chen's order requires Defendant to produce the actual Open Pages database, Defendant disagrees. As I have stated before, we believe that we have fully complied with Judge Chen's order. Moreover, I notified you on October 27, 2010 that Defendant's Open Pages contact stated that it is not possible to provide the raw data as it existed on a specific date (as you have requested). Nonetheless, in response to your letter, we explored this further and have re-confirmed that it is not possible to roll the database back to the date of Plaintiff's termination. If you believe it would be helpful for your Oracle consultant to discuss this with the



**ORRICK**

Dow W. Patten
November 15, 2010
Page 2

appropriate representative for Defendant, please let me know. Otherwise, we will consider this issue closed and will move forward.

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

cc:    Patricia K. Gillette

# Exhibit 12



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

FILE COPY

December 3, 2010

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter provides a further response to your letters dated November 24, November 30, and December 1, 2010 regarding the above-referenced matter.

Your letters seek production of "the FCM database in the electronic form in which it was maintained…" As I have explained several times, it is simply not possible for PG&E to produce the FCM database as it existed during Plaintiff's tenure with the Supply Chain Compliance Group. Although you have stated your belief that the database can be "rolled back," that is not possible here because Defendant does not archive the FCM database in the manner that would be necessary to allow for such "rolling back." Moreover, Defendant believes that it has more than met its obligations by producing a report containing all of the data stored in the FCM database to which Plaintiff had access during his tenure with the Supply Chain Compliance Group. For this reason, we believe any motion by Plaintiff to compel the production of further data would be futile.

Notwithstanding Defendant's full compliance with Judge Chen's October 15 Order, we have taken numerous additional steps to address Plaintiff's questions and concerns regarding the production of FCM data. These steps are outlined in my prior meet and confer correspondence. Moreover, we have suggested further steps, such as convening a conference call between appropriate representatives of each party to discuss the data produced, but Plaintiff has not responded to these suggestions. Thus, Defendant has made extensive efforts to resolve Plaintiff's concerns.

Defendant offers a final suggestion for the resolution of all issues regarding its compliance with Judge Chen's Order. If Plaintiff agrees that it will resolve any and all issues that Plaintiff has with Defendant's compliance with Judge Chen's Order, Defendant will agree to re-produce the FCM data in screen shot format (i.e, in the same format as Defendant's production at PGE PAUL_003133 through 003286). This is specifically intended to resolve Plaintiff's concern that the data as produced at PGE PAUL_003614 through 004873 and via Excel spreadsheet is difficult to "decipher." It is extremely time-consuming for Defendant to compile the data in screen shot



**ORRICK**

Dow W. Patten
December 3, 2010
Page 2

format; we estimate that it will take one full-time employee 50-60 hours to prepare this production. We will not undertake this time-consuming and costly process unless Plaintiff agrees that the screen shot production will resolve all outstanding issues regarding Defendant's compliance with Judge Chen's Order.

Please advise whether Plaintiff will agree to accept a screen shot production of the FCM data as final resolution of any outstanding issues regarding Defendant's compliance with Judge Chen's Order.

Next, it is imperative that Plaintiff provide his availability for deposition in this matter. On October 26, 2010, I requested that you provide dates for Plaintiff's deposition. On November 3, 2010, you stated that you would not provide Plaintiff's deposition availability until the parties' dispute regarding the production of FCM data was resolved. Despite my further requests to schedule Plaintiff's deposition, you have continued to refuse to cooperate in this regard. We do not believe that Plaintiff has a reasonable basis on which to refuse to schedule his deposition. Accordingly, we request again that Plaintiff meet and confer with Defendant in good faith regarding his deposition. Please provide Plaintiff's availability in January and February 2011.

Finally, due to a conflict, Charles Twamugabo is no longer available for deposition on January 12, 2011. Please let me know if January 24 or 31 is acceptable. Alternatively, we can provide availability for February 2011.

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

cc:     Patricia K. Gillette

# Exhibit 13



ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759
WWW.ORRICK.COM

FILE COPY

December 8, 2010

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:    Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

We are in receipt of your December 3, 2010 letter regarding the above-referenced matter.

As you know, Defendant believes that it has fully complied with Judge Chen's Order. However, as demonstrated by our meet and confer efforts to date, we wish to take all reasonable steps to address Plaintiff's concerns about Defendant's production and obviate costly and time-consuming motion practice. To that end, Defendant will agree to re-produce the FCM data previously produced at PGE PAUL_003614 through 004873 in screen shot format (*i.e.*, in the same format as Defendant's production at PGE PAUL_003133 through 003286). In addition, in response to the request in your December 3 letter, Defendant will provide a declaration describing Defendant's capabilities vis-à-vis the FCM database. Although we are disappointed that Plaintiff has refused to unequivocally accept this proposal as a final resolution of any outstanding issues regarding Defendant's compliance with Judge Chen's Order (your letter merely states that the screen shot production and the declaration "may" suffice), we are confident that Defendant has met and exceeded its obligations. After having received all of the responsive data in two different formats, Plaintiff cannot reasonably assert that any further production is required.

Given the burdensome nature of compiling the screen shots, we expect to complete the production described above on or before January 3, 2011. We will also provide the declaration described above at that time.

Next, I emphasize again the importance of scheduling Plaintiff's deposition. Your recent letter did not address the request in my December 3 letter that you provide dates for Plaintiff's deposition. By this letter, Defendant requests again— for at least the fourth time— that Plaintiff cooperate in the scheduling of his deposition. Please provide Plaintiff's availability in January and February 2011.



**ORRICK**

Dow W. Patten
December 8, 2010
Page 2

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

cc:     Patricia K. Gillette

# Exhibit 14



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759
WWW.ORRICK.COM

FILE COPY

January 3, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:   Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

As you know, Defendant believes that it has fully complied with Judge Chen's October 15, 2010 Order. However, we wish to take all reasonable steps to address Plaintiff's concerns about Defendant's production and obviate costly and time-consuming motion practice. To that end, enclosed please find documents Bates-numbered PGE PAUL_005338 through 006239. These documents comprise the screen-shot format of the FCM data previously produced at PGE PAUL_003614 through 004873. In addition, enclosed please find a declaration describing Defendant's back-up capabilities vis-à-vis the FCM database. We are confident that these documents resolve any of Plaintiff's outstanding concerns regarding Defendant's compliance with the Order.

Next, I request again— for at least the fifth time since October 2010— that Plaintiff cooperate in the scheduling of his deposition. Although I have tried for months to schedule Plaintiff's deposition, you have not provided a single date, nor have you set forth a good faith basis for refusing to produce your client for deposition. Please immediately provide Plaintiff's availability in January and February 2011, or Defendant will have no choice but to seek assistance from the Court.

Thank you for your continued courtesy in this matter.

Very truly yours,

Brooke D. Arena

Enclosures

cc:   Patricia K. Gillette

# Exhibit 15



# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

January 6, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

    Re:    Paul v. PG&E, et. al.
           USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's letter of January 3, 2011 concerning a date for Plaintiff's deposition and PG&E's compliance or non-compliance with Magistrate Judge Chen's October 15, 2010 Order.

To be clear, we have repeatedly stated our position that we are willing to produce our client for deposition pursuant to the terms of Magistrate Judge Chen's October 15, 2010 order. That order required that Defendant produce information responsive to Request Number 3. That request seeks "documents or electronically stored information"; the electronic files have not been produced. That is why Plaintiff's deposition has not been scheduled. This is not new information; rather we have consistently taken this position over the course of this discovery dispute, as the record of our correspondence amply demonstrates.

We have further attempted to accommodate Defendant's alleged inability to produce the electronic database (OpenPages FCM); however, this has resulted in a massive increase in the workload in obtaining and reviewing this discovery. Had Defendants simply produced the electronic file as requested and ordered, this discovery dispute could have been resolved months ago.

Defendant's alleged inability to produce the electronic file simply defies reason. These are precisely the files required to be maintained by publicly traded companies under SOX. The declaration of Ms. Poplevina enclosed with your letter actually raises far more questions than it answers. Statements such as "[t]hese backups are only maintained for seven days" are very troubling, given Defendant's document retention obligations under SOX. Tellingly, there is no statement as to any archives, nor any statement addressing the specific Oracle database backup and rollback methods described in my previous meet and confer correspondence.

At this point, I am at a loss as to how to proceed further on obtaining compliance with Magistrate Judge

1

Chen's October 15 Order. Perhaps we can get to the bottom of this by another means; i.e., a third party subpoena to OpenPages/IBM who hosts and provides this "software-as-a-service" product. Will defendants stipulate to language which would allow Plaintiff to obtain the electronic files from this third party pursuant to the terms of Magistrate Judge Chen's Order? If so, it may be possible that we can avoid having to take this matter back before Judge Chen.

Please let me know at your earliest convenience whether Defendants would be amenable to the solution proposed in this letter. Thank you.

Very truly yours,

Dow W. Patten  Of Counsel

2

# Exhibit 16



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

_tel_ +1-415-773-5700
_fax_ +1-415-773-5759
WWW.ORRICK.COM

FILE COPY

January 18, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

_VIA FACSIMILE & MAIL_

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re: <u>Varun Paul v. Pacific Gas and Electric Company</u>

Dear Dow:

This letter responds to your letter dated January 6, 2001 regarding the above-referenced matter.

As we have stated repeatedly, Defendant has fully complied with Judge Chen's October 15, 2010 Order. Indeed, Defendant has taken numerous steps above and beyond its obligations under the Order. On October 25, 2010, Defendant produced all of the data from the FCM database responsive to the Order. In response to Plaintiff's concerns about the format of the data, on October 29, 2010, Defendant produced a soft copy of these data. To further allay Plaintiff's concerns about the format of the production, Defendant provided all of the FCM data responsive to the Order in a _third_ format (screen-shots) on January 3, 2011. Although Defendant incurred a significant burden to compile the responsive data in screen-shot format, we were willing to undertake this costly project because you indicated that this production may be sufficient to conclude the parties' meet and confer efforts on this topic.

In addition, throughout this process, I have made you aware that Defendant is unable to provide the raw data as it existed on a specific date (as Plaintiff requested); this was confirmed by the declaration of the Systems Application Administrator that I provided to you on January 3, 2011. Notwithstanding my numerous communications to you, Plaintiff continues to insist on the production of the rolled-back database as it existed on a date certain, although this is not contemplated by the Order. Please understand that this is not within Defendant's capabilities. Defendant has produced the responsive data in multiple formats and has provided a declaration confirming that the format Plaintiff seeks cannot be produced by Defendant.

Defendant has fully discharged its meet-and-confer obligations, and there is no further action for Defendant to take in this regard. Your letter proposes that Plaintiff issue a third-party subpoena to OpenPages/IBM. Defendant is willing to review Plaintiff's proposed subpoena language and, if it is not objectionable, stipulate thereto. If Plaintiff wishes to go this route, please provide proposed language to me this week.



ORRICK

I understand from your letter that Plaintiff refuses to schedule his deposition until the parties resolve the issue of Defendant's compliance with the Order. Because Defendant has fully complied with the Order, we do not believe that this is a proper basis to refuse to produce Plaintiff for deposition, and we ask you to reconsider your position.

In the hopes of moving the case forward, enclosed please find a notice of deposition of Plaintiff. Please notify me by January 28, 2011 whether Plaintiff will appear for the deposition as noticed. (If a scheduling conflict makes the noticed date infeasible, but Plaintiff is otherwise willing to cooperate in the scheduling of the deposition, I am of course open to rescheduling to a mutually agreeable date.) If Plaintiff continues to refuse to schedule his deposition, Defendant intends to seek the assistance of the Court.

Thank you for your attention to these matters.

Very truly yours,

Brooke D. Arena

Enclosure

cc:    Patricia K. Gillette

1  STEPHEN L. SCHIRLE (State Bar No. 96085)
   SLSw@pge.com
2  PACIFIC GAS AND ELECTRIC COMPANY
   77 Beale Street, B30A
3  San Francisco, CA 94105
   Telephone:    +1-415-973-5357
4  Facsimile:    +1-415-973-5520

5  PATRICIA K. GILLETTE (State Bar No. 74461)
   pgillette@orrick.com
6  BROOKE D. ARENA (State Bar No. 238836)
   barena@orrick.com
7  LENA P. RYAN (State Bar No. 258782)
   lenaryan@orrick.com
8  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
9  405 Howard Street
   San Francisco, CA  94105-2669
10 Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
11
   Attorneys for Defendants
12 PACIFIC GAS AND ELECTRIC COMPANY
   and PG&E CORPORATION
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                  SAN FRANCISCO DIVISION

17

18 VARUN PAUL, an individual,          Case No.  3:09-cv-04751-RS

19            Plaintiff,               **DEFENDANT PACIFIC GAS AND
                                       ELECTRIC COMPANY'S AMENDED
20       v.                            NOTICE OF DEPOSITION OF
                                       PLAINTIFF VARUN PAUL**
21 PG&E CORPORATION, a California
   Corporation, PACIFIC GAS AND        Date:      February 18, 2011
22 ELECTRIC COMPANY, a California      Time:      9:30 a.m.
   Corporation, and DOES 1-10, individually,  Location:
23 et al.,                                 Orrick, Herrington & Sutcliffe LLP
                                           The Orrick Building
24            Defendants.                  405 Howard Street, 10th Floor
                                           San Francisco, CA 94105
25

26

27

28

**TO PLAINTIFF VARUN PAUL AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Pacific Gas & Electric Company ("Defendant" or "PG&E"), through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, will take the deposition upon oral examination of Plaintiff Varun Paul ("Plaintiff") before a notary public authorized to administer oaths in the State of California. The deposition will commence on February 18, 2011 at 9:30 a.m. at the offices of Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105. The deposition will continue on mutually convenient dates thereafter until completed. Notice is also hereby given that the deposition will be recorded by stenography and instant visual display and may be videotaped.

Dated: January 18, 2011

PATRICIA K. GILLETTE
BROOKE D. ARENA
LENA P. RYAN
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
        BROOKE D. ARENA
        Attorneys for Defendant
        PACIFIC GAS AND ELECTRIC
        COMPANY and PG&E CORPORATION

1    **DECLARATION OF SERVICE BY FACSIMILE TRANSMISSION AND BY MAIL**

2        I am more than eighteen years old and not a party to this action. My place of employment

3 and business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard

4 Street, San Francisco, California 94105-2669.

5        On January 18, 2011, I served upon plaintiff Varun Paul **DEFENDANT PACIFIC GAS**

6 **AND ELECTRIC COMPANY'S AMENDED NOTICE OF DEPOSITION OF PLAINTIFF**

7 **VARUN PAUL** by causing a true and correct copy of this document to be electronically

8 transmitted by means of a facsimile machine to:

9          Dow W. Patten
         Law Offices of Spencer F. Smith
10       353 Sacramento Street, Suite 1120
         San Francisco, CA 94111
11       Telephone:   (415) 520-6950
         Facsimile:    (415) 520-0104
12

13        The transmission was reported as complete and without error. A true copy of the

14 transmission report, which was properly issued by the facsimile machine, is attached to this

15 declaration.

16        Also on January 18, 2011, I served upon plaintiff Varun Paul the aforementioned

17 **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S AMENDED NOTICE OF**

18 **DEPOSITION OF PLAINTIFF VARUN PAUL** by placing a true and correct copy thereof in a

19 sealed envelope addressed as follows:

20          Dow W. Patten
         Law Offices of Spencer F. Smith
21       353 Sacramento Street, Suite 1120
         San Francisco, CA 94111
22

23        I am employed in the county from which the mailing occurred. On the date indicated

24 above, I placed the sealed envelope for collection and mailing at this firm's office business

25 address indicated above. I am readily familiar with this firm's practice for the collection and

26 processing of correspondence for mailing with the United States Postal Service. Under that

27 ///

28 ///

1  practice, the firm's correspondence would be deposited with the United States Postal Service on
2  this same date with postage thereon fully prepaid in the ordinary course of business.

3         Executed on January 18, 2011, in the City and County of San Francisco, State of
4  California.

5         I declare under penalty of perjury under the laws of the State of California that the
6  foregoing is true and correct.

7

8
                                                    _____
9                                                           Kate Brandt

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 2 -

# Exhibit 17

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

January 24, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

Re:     Paul v. PG&E, et. al.
        USDC Case No. 3:09-cv-04751-RS

Dear Ms. Gillette and Ms. Arena:

We are in receipt of a document entitled "Defendant Pacific Gas and Electric Company's Amended Notice of Deposition of Plaintiff Varun Paul", served via USPS on January 18, 2011. I do not recall ever being served with a notice of deposition for the Plaintiff. Therefore, the term "amended" is inappropriate and should be stricken.

I also note that the date selected, February 18, 2011 is a Friday.   We have asked that Defendants accommodate our client in his new position, where he is under a probationary period.  We have asked that the deposition of Plaintiff occur on a weekend day so that there is not an unreasonable impact upon his new employment.  We ask again that you make this very slight accommodation in schedule to alleviate the undue burden a weekday deposition would have on our client's new employment. Throughout my career I have taken depositions on Saturdays and Sundays in order to avoid undue burden to the deponent.  We ask this small accommodation so that our client can continue to mitigate his damages.

Please let me know if you agreeable to taking our client's deposition on February 19, 20, 26, or 27.

Very truly yours,

Dow W. Patten  Of Counsel

enclosures

1

# Exhibit 18



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

January 24, 2011

FILE COPY

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter responds to your letter of today's date regarding Defendant's notice of deposition of Plaintiff. Your letter requests that Defendant depose Plaintiff on a Saturday or Sunday. As I notified you on October 29, 2010, we will not accommodate this request. One of the responsibilities that comes with initiating a lawsuit is the obligation to make oneself available for discovery. We see no reason why Plaintiff cannot attend his deposition on a weekday, like any other individual plaintiff.

Accordingly, please provide Plaintiff's availability for deposition on a weekday in February.

Very truly yours,

Brooke D. Arena

# Exhibit 19



ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
tel 415-773-5700
fax 415-773-5759
WWW.ORRICK.COM

FILE COPY

Brooke D. Arena
(415) 773-5756
barena@orrick.com

February 8, 2011

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

As you know, on January 18, 2011, Defendant served a notice of Plaintiff's deposition with a noticed date of February 18, 2011. During our telephonic meet and confer on February 2, 2011, you notified me that you do not intend to produce Plaintiff for deposition on February 18, 2011. Further, you stated that you intend to file a motion for protective order requiring Defendant to depose Plaintiff on a Saturday or Sunday, and that you would file this motion before February 18, 2011.

Based on your representations, Defendant will not incur the expense and inconvenience of deposition arrangements for the noticed date. If I have misunderstood your statements and you do intend to produce Plaintiff for the noticed deposition, please notify me right away. Otherwise, we will look forward to receiving the Court's assistance in this matter.

Thank you for your attention to these matters.

Very truly yours,

Brooke D. Arena

cc:     Patricia K. Gillette

# Exhibit 20



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
*tel* 415-773-5700
*fax* 415-773-5759
WWW.ORRICK.COM

FILE COPY

February 16, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

This letter addresses the outstanding discovery issues that we discussed during our telephonic meet and confer session on February 2, 2011.

*Plaintiff's First Request for Production of Documents*

During our telephonic meet and confer, you stated Plaintiff's position that Defendant's responses to a number of Requests in Plaintiff's First Request for Production of Documents (specifically, Request Nos. 2 and 4-10) are insufficient. As an initial matter, Plaintiff's attempt to meet and confer about these Requests six months after Defendant served its responses is improper. Plaintiff is obliged to meet and confer about any perceived deficiencies in Defendant's discovery responses within a reasonable amount of time. Plaintiff's delay here is unjustified and unreasonable.

Moreover, it is clear from the parties' briefing and the court's order that all of the Requests in Plaintiff's First Request for Production of Documents were submitted to Judge Chen and that any dispute with regard to those Requests was resolved by Judge Chen's October 15, 2010 order. Because Defendant has fully complied with that order, no further production in response to Request Nos. 2 and 4 through 10 is called for.

Nonetheless, in the spirit of cooperation, Defendant is willing to meet and confer with Plaintiff about these Requests. The majority of the Requests— namely, 2, 4, 5, 6, 7, 8, and 9— seek documents reflecting work performed by the "Supply Chain SOX Compliance Group." Defendant has previously produced all FCM/Open Pages data for this group. These data reflect work performed by the group and thus are responsive to Request Nos. 2 and 4-9.

Request No. 10 seeks documents regarding a reduction of work assigned to Carolyn Hiller's group. Defendant has previously produced numerous documents that may be responsive to this Request, including all documents and emails sent or received by Ms. Hiller to, from, or regarding Plaintiff. It



**ORRICK**

is not clear what additional documents, if any, are sought. If Plaintiff seeks further documents, he should provide more specificity for this Request.

*Plaintiff's Third Request for Production of Documents*

We have conducted further investigation regarding a number of Requests in Plaintiff's Third Request for Production of Documents. Defendant will supplement its responses to these requests to reflect the following:

Request No. 21: This Request seeks quarterly BPO surveys signed by Charles Twamugabo for 2007 and 2008. As I explained during our call and in my February 4, 2011 letter to you, Defendant has produced the responsive documents. You assert that the quarterly BPO surveys are more extensive and include documents such as "issue logs" and "process maps." In response to your request, we have conducted a search for "process maps" and will produce the documents located in that search. We have been unable to locate any documents associated with the quarterly BPO surveys that are called "issue logs," but we have located and will produce a "deficiency framework" which we believe may be the document you are seeking through this request.

Request No. 22: This Request seeks "access logs" for the FCC SharePoint site. Our investigation and search have not located any documents responsive to this request.

Request No. 23: This Request seeks messages sent to and from the Blackberry device provided by Defendant to Plaintiff during his employment. As I informed you during our telephonic meet and confer, Defendant is in the process of obtaining an image of the Blackberry device. We estimate that the cost will be approximately $2,000.00, and Defendant requests that Plaintiff share this cost with Defendant. We believe that cost-sharing is appropriate because this Request is duplicative of prior requests, Defendant has already produced the complete contents of Plaintiff's Outlook folder, and Plaintiff has made no showing of how the documents sought in Request No. 23 are relevant to the issues at stake in this litigation.

Request No. 24: This Request seeks a file entitled "W 001 Final Inventory Statistic WMS." Defendant will produce this document.

Request No. 25: This Request seeks all documents regarding any PG&E employee's use of the tuition refund program for a two-year period. During our telephonic meet and confer, I shared with you Defendant's position that only documents reflecting the use of the tuition refund program by employees who are potential comparators to Plaintiff are relevant to this lawsuit. Defendant has previously produced responsive documents for Plaintiff's alleged "peers" in the LEAD program and for other employees reporting to Carolyn Hiller. Defendant will not agree to produce tuition refund



ORRICK

program documents for other PG&E employees— which could number in the thousands— because such documents are wholly irrelevant and doing so would impose an undue burden on PG&E.

**Request No. 26:** This Request seeks a "mirror image" of the hard drive provided by Defendant to Plaintiff during his employment. Defendant will produce an image of Plaintiff's hard drive after completing a review of the materials to ensure that no privileged information is contained thereon.

**Request No. 27:** This Request seeks the "Supply Chain Control Change Log." Based on our investigation, "Supply Chain Control Change Log" refers to the user activity reflected in the FCM Open Pages database. Defendant has previously produced all FCM data for Plaintiff's work group for the relevant time period. Accordingly, no further production is called for.

*Plaintiff's Deposition*

During our call, you stated that you intended to move for a protective order requiring Defendant to take Plaintiff's deposition on a Saturday or Sunday. After the parties appeared before Judge Seeborg for the case management conference on February 10, we discussed other accommodations proposed by the Judge. Defendant will consider other accommodations provided Plaintiff provides information regarding his probationary period, including the name of his employer, the dates of the probationary period, and the terms of the probationary period. Please provide this information immediately so that we can move forward with the scheduling of Plaintiff's deposition, which Defendant has been seeking for several months.

*Defendant's Special Interrogatories*

As you know, Defendant served Special Interrogatories on Plaintiff over two months ago and Plaintiff has yet to respond. During our call on February 2, you stated that you would serve responses "early next week," referring to the week of February 7. I still have not received any responses. Plaintiff's responses are now over one month late. Please be advised that Defendant will have no choice but to move to compel responses to the Special Interrogatories if we do not receive complete responses immediately. As you acknowledged during our call, Plaintiff has waived any objection to the interrogatories by failing to serve timely responses.

*Deposition Scheduling*

Defendant provided deposition availability for a number of its witnesses on January 18, 2011. However, Plaintiff has made no further efforts to schedule depositions. You stated during our call that you would not proceed with deposition scheduling until after the parties' case management conference. Please advise whether you still wish to take any depositions.



**ORRICK**

Dow W. Patten
February 16, 2011
Page 4

Thank you for your attention to these matters.

Very truly yours,

*Brooke D. Arena/KAB*

Brooke D. Arena

# Exhibit 21



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CA 94105-2669
tel 415-773-5700
fax 415-773-5759
WWW.ORRICK.COM

FILE COPY

March 3, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

On February 16, 2011, I wrote to you seeking to resolve the parties' dispute regarding the scheduling of Plaintiff's deposition. I requested that you provide information regarding Plaintiff's probationary period, including the name of his employer, the dates of the probationary period, and the terms of the probationary period. It has been over two weeks, and I have not received any response whatsoever to this request.

As you know, Defendant has been seeking to schedule Plaintiff's deposition for several months. Defendant has made every effort to meet and confer with Plaintiff regarding any obstacles to his deposition, and I am simply at a loss as to what further steps Defendant can take. Please advise me immediately whether Plaintiff will cooperate with the scheduling of his deposition. If the parties cannot agree on a date for Plaintiff's deposition within the next few weeks, Defendant will have no choice but to seek the Court's assistance.

Thank you for your attention to this important matter.

Very truly yours,

Brooke D. Arena

# Exhibit 22

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

March 4, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

      Re:    Paul v. PG&E, et. al.
              USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's facsimile correspondence of March 3, 2011, concerning the scheduling of Plaintiff's deposition.

Per the Court's suggestion, we would like to schedule the Plaintiff's deposition in two parts on successive late afternoon sessions in order to minimize the impact to his new position as a Senior Financial Analyst. We suggest consecutive Thursdays commencing at 4:00 p.m. to 8:00 p.m. for a total of 8 hours of deposition. Please let us know if Defendants are agreeable to this type of scheduling; if so, we will provide dates of availability accordingly. We look forward to your prompt response.

Very truly yours,

Dow W. Patten  Of Counsel

1

# Exhibit 23



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

FILE COPY

March 22, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:     <u>Varun Paul v. Pacific Gas and Electric Company</u>

Dear Dow:

This letter responds to your letter dated March 4, 2011 and continues Defendant's efforts to meet and confer regarding the scheduling of Plaintiff's deposition. Your letter proposes that Plaintiff be deposed on two consecutive Thursdays from 4:00 p.m. to 8:00 p.m. Your stated reason for proposing this schedule is "to minimize the impact to [Plaintiff's] new position as a Senior Financial Analyst." It was my understanding that Plaintiff was requesting a scheduling accommodation due to a probationary period with his employer. However, despite several requests that you provide information regarding this probationary period, including the name of Plaintiff's employer, the dates of the probationary period, and the terms of the probationary period, you have not provided any of the information requested.

Nonetheless, Defendant remains willing to explore reasonable accommodation of Plaintiff's scheduling constraints. However, the schedule you propose is not acceptable, due to family obligations and other issues on the part of Defendant and Defendant's counsel. As a compromise, Defendant proposes that Plaintiff's deposition take place on two consecutive week days, from 2:00 p.m. to 6:00 p.m. We are available to proceed with the deposition in this manner on April 18 and 19, 2011. Please advise whether Plaintiff will agree to this deposition schedule.

Thank you for your consideration of this proposal. In light of the approaching deadlines in this case, Defendant will seek the assistance of the Court if this proposal is not acceptable to Plaintiff.

Very truly yours,

*Brooke D. Arena* /KAB

Brooke D. Arena

# Exhibit 24

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

March 23, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

Re:     Paul v. PG&E, et. al.
        USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's correspondence of yesterday concerning deposition scheduling. After reviewing that correspondence with our client, we can make our client available on a single day for seven hours of deposition on either April 15 or April 22, 2011. Please let us know which day you would like to take our client's deposition.

Please provide dates for the following deponents in April in the following order:

    Charles Twamugabo
    Carolyn Hiller
    Diane Thurman
    Ed Kenney
    Sybil Garrett

Please provide these dates no later than Friday, March 25, 2011. Thank you.

Very truly yours,

Dow W. Patten  Of Counsel

1

# Exhibit 25



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

*Proceedings*

March 28, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:    Varun Paul v. Pacific Gas and Electric Company

Dear Dow:

Enclosed please find a notice of deposition of Plaintiff Varun Paul. We will proceed with Plaintiff's deposition on April 22, 2011.

Your March 23, 2011 letter requests deposition availability for five witnesses. Today, I received deposition notices/subpoenas for four of those witnesses, plus another who was not mentioned in your letter. The witnesses are not available for deposition on the noticed/subpoenaed dates. Below is deposition availability information for the five witnesses listed in your March 23, 2011 letter:

- Charles Twamugabo: May 2, 2011
- Carolyn Hiller: to be determined
- Diane Thurman: May 5, 2011
- Ed Kenney: April 26, 2011
- Sybil Garrett: May 17, 2011

Please let me know if you wish to proceed with depositions on any of these dates. I will provide availability for Ms. Hiller and Mr. Beyene as soon as possible.

Very truly yours,

Brooke D. Arena

Brooke D. Arena

Enclosure

1   STEPHEN L. SCHIRLE (State Bar No. 96085)
    SLSw@pge.com
2   PACIFIC GAS AND ELECTRIC COMPANY
    77 Beale Street, B30A
3   San Francisco, CA 94105
    Telephone:    +1-415-973-5357
4   Facsimile:    +1-415-973-5520

5   PATRICIA K. GILLETTE (State Bar No. 74461)
    pgillette@orrick.com
6   BROOKE D. ARENA (State Bar No. 238836)
    barena@orrick.com
7   LENA P. RYAN (State Bar No. 258782)
    lenaryan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA  94105-2669
10  Telephone:    +1-415-773-5700
    Facsimile:    +1-415-773-5759

11

12  Attorneys for Defendants
    PACIFIC GAS AND ELECTRIC COMPANY
    and PG&E CORPORATION

13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16                 SAN FRANCISCO DIVISION

17

18  VARUN PAUL, an individual,          Case No.  3:09-cv-04751-RS

19              Plaintiff,              **DEFENDANT PACIFIC GAS AND
                                        ELECTRIC COMPANY'S** AMENDED
20       v.                             **NOTICE OF DEPOSITION OF
                                        PLAINTIFF VARUN PAUL**
21  PG&E CORPORATION, a California
    Corporation, PACIFIC GAS AND        Date:       April 22, 2011
22  ELECTRIC COMPANY, a California      Time:       9:30 a.m.
    Corporation, and DOES 1-10, individually,  Location:
23  et al.,                                 Orrick, Herrington & Sutcliffe LLP
                                            The Orrick Building
24              Defendants.                 405 Howard Street, 10th Floor
                                            San Francisco, CA 94105
25

26

27

28

1    **TO PLAINTIFF VARUN PAUL AND HIS ATTORNEYS OF RECORD:**

2           PLEASE TAKE NOTICE that Defendant Pacific Gas & Electric Company ("Defendant"

3    or "PG&E"), through its attorneys of record, Orrick, Herrington & Sutcliffe LLP, will take the

4    deposition upon oral examination of Plaintiff Varun Paul ("Plaintiff") before a notary public

5    authorized to administer oaths in the State of California.  The deposition will take place on

6    April 22, 2011 at 9:30 a.m. at the offices of Orrick, Herrington & Sutcliffe LLP, The Orrick

7    Building, 405 Howard Street, San Francisco, California 94105.  Notice is also hereby given that

8    the deposition will be recorded by stenography and instant visual display and may be videotaped.

9
     Dated: March 28, 2011               PATRICIA K. GILLETTE
10                                        BROOKE D. ARENA
                                         LENA P. RYAN
11                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                        By: _____

14                                             BROOKE D. ARENA
                                               Attorneys for Defendant
15                                            PACIFIC GAS AND ELECTRIC
                                            COMPANY and PG&E CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE BY FACSIMILE TRANSMISSION AND BY MAIL

I am more than eighteen years old and not a party to this action. My place of employment and business address is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

On March 28, 2011, I served upon plaintiff Varun Paul **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S** <u>AMENDED</u> **NOTICE OF DEPOSITION OF PLAINTIFF VARUN PAUL** by causing a true and correct copy of this document to be electronically transmitted by means of a facsimile machine to:

> Dow W. Patten
> Law Offices of Spencer F. Smith
> 353 Sacramento Street, Suite 1120
> San Francisco, CA 94111
> Telephone:    (415) 520-6950
> Facsimile:    (415) 520-0104

The transmission was reported as complete and without error. A true copy of the transmission report, which was properly issued by the facsimile machine, is attached to this declaration.

Also on March 28, 2011, I served upon plaintiff Varun Paul the aforementioned **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S** <u>AMENDED</u> **NOTICE OF DEPOSITION OF PLAINTIFF VARUN PAUL** by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> Dow W. Patten
> Law Offices of Spencer F. Smith
> 353 Sacramento Street, Suite 1120
> San Francisco, CA 94111

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that

///

///

practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

Executed on March 28, 2011, in the City and County of San Francisco, State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Kate Brandt*

Kate Brandt

# Exhibit 26

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

March 28, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

    Re:    Paul v. PG&E, et. al.
              USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's fax correspondence of today. My last correspondence requested dates of availability for a number of depositions by the close of business Friday, March 25. You provided no response until 11:50 a.m. today.

As you know, Mr. Twamugabo's deposition was scheduled long before any other depositions in this matter. That deposition should proceed before any other deposition. Please be reminded that Ms. Gillette instructed Mr. Twamugabo not to appear at his deposition previously, and Plaintiff has incurred costs associated with this interference with the discovery process. If you do not provide a date prior to the deposition of Plaintiff for Mr. Twamugabo's deposition, we will move for a protective order on Plaintiff's deposition and to compel the deposition of Mr. Twamugabo in the order noticed. Please let us know as soon as possible whether you will permit the deposition of Mr. Twamugabo to proceed before the later-noticed depositions.

We will take the depositions in the order noticed. You have provided no information as to why none of these witnesses are available in the month of April (with the exception of the corporate security personnel). Please indicate what conflicts these witnesses have with any dates in April so that we may comply with our meet and confer obligations concerning the scheduling of these depositions.

Very truly yours,

Dow W. Patten  Of Counsel

1

# Exhibit 27



**ORRICK, HERRINGTON & SUTCLIFFE LLP**
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

*tel* +1-415-773-5700
*fax* +1-415-773-5759

WWW.ORRICK.COM

FILE COPY

March 29, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:   <u>Varun Paul v. Pacific Gas and Electric Company</u>

Dear Dow:

In response to your letter dated March 28, 2011, regarding depositions in the above-referenced case, Defendant will work with Plaintiff to schedule the six depositions Plaintiff wishes to take. However, given witness and counsel scheduling conflicts, it will not be possible to accommodate Plaintiff's preferred order— *i.e.*, to hold the depositions of Charles Twamugabo and Carolyn Hiller before Plaintiff's deposition proceeds on April 22, 2011. The primary issue is that Mr. Twamugabo has travel and work commitments throughout the month of April. The date I have proposed for his deposition— May 2, 2011— is the first day he is available for deposition. Given the impending deadlines in this case and Defendant's extensive efforts to schedule Plaintiff's deposition, Plaintiff's demand that the depositions of Mr. Twamugabo and Ms. Hiller proceed before Plaintiff's deposition is unreasonable.

In the interest of moving this case forward, I would like to propose the following deposition schedule as a compromise: (1) Ms. Hiller is available for deposition on April 19, 2011; (2) Plaintiff's deposition has been noticed for April 22, 2011, a date you provided; (3) Ed Kenney is available for deposition on April 26, 2011; (4) Mr. Twamugabo's first availability for deposition is May 2, 2011; (5) Diane Thurman is available for deposition on May 5, 2011; (6) Sybil Garrett is available for deposition on May 17, 2011; (7) I am still working on Aman Beyene's availability, but we can schedule his deposition before April 22, 2011, if he is available.

This schedule allows the parties to move forward with important discovery and enables Plaintiff to depose Ms. Hiller in advance of his own deposition. Please let me know as soon as possible if this schedule is acceptable to you.

Next, in response to your other March 28, 2011 letters regarding Defendant's production of documents, Defendant will produce this week documents responsive to Request Nos. 21 and 24, as described in my February 16, 2011 letter. We intend to produce the hard drive image and



**ORRICK**

Blackberry image, as described in my letter, after the parties have resolved the cost-sharing issue. Please specify what documentation you require regarding this issue.

Very truly yours,

Brooke D. Arena

# Exhibit 28



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759
WWW.ORRICK.COM

FILE COPY

April 1, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Spencer F. Smith
Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:    Varun Paul v. Pacific Gas and Electric Company

Dear Spencer and Dow:

Thank you for speaking with me on March 29 regarding deposition scheduling in this case. I have reviewed the tentative deposition dates we discussed in light of the case deadlines and client availability. With one small change in light of the Passover holiday, the schedule is acceptable. Specifically, I propose that we proceed with depositions as follows:

- Ed Kenney: April 26
- Carolyn Hiller: April 29
- Charles Twamugabo: May 2
- Diane Thurman: May 5
- Plaintiff: May 6
- Aman Beyene: May 13
- Sybil Garrett: May 17

Please let me know if this schedule is acceptable to you. We will re-notice Plaintiff's deposition accordingly, and would appreciate it if you would send amended notices for the remaining depositions.

Very truly yours,

Brooke D. Arena

Brooke D. Arena

# Exhibit 29

# THE LAW OFFICES OF SPENCER SMITH

353 Sacramento St., Suite 1120
San Francisco, CA 94111
voice: (415) 520-6950
fax: (415) 520-0104

April 1, 2011

*VIA FACSIMILE NO.: (415) 773-5759*

PATRICIA GILLETTE
BROOKE ARENA
ORRICK, HERRINGTON & SUTCLIFF, LLP
405 Howard St.
San Francisco, CA 94105

     Re:    Paul v. PG&E, et. al.
             USDC Case No. 3:09-cv-04751-VJW

Dear Ms. Gillette and Ms. Arena:

This is in response to Ms. Arena's fax of today concerning deposition scheduling. We agree to the schedule set forth in her letter and will serve amended notices accordingly. Thank you.

Very truly yours,

Dow W. Patten  Of Counsel

1

# Exhibit 30



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
THE ORRICK BUILDING
405 HOWARD STREET
SAN FRANCISCO, CALIFORNIA 94105-2669

tel +1-415-773-5700
fax +1-415-773-5759

WWW.ORRICK.COM

April 13, 2011

Brooke D. Arena
(415) 773-5756
barena@orrick.com

*VIA FACSIMILE & MAIL*

Spencer F. Smith
Dow W. Patten
The Law Offices of Spencer Smith
353 Sacramento Street, Suite 1120
San Francisco, California 94111

Re:   <u>Varun Paul v. Pacific Gas and Electric Company</u>

Dear Spencer and Dow:

As I notified Dow via telephone late last week, we need to reschedule a few of the deposition dates in this case due to unforeseen conflicts. Below is the revised schedule, with new dates indicated with an asterisk. Please confirm whether these dates work on your end.

- Ed Kenney: April 26
- Carolyn Hiller: May 2*
- Charles Twamugabo: May 3*
- Diane Thurman: May 5
- Plaintiff: May 6
- Aman Beyene: May 13
- Sybil Garrett: May 20*

Thank you for your cooperation in scheduling these depositions.

Very truly yours,

*Brooke D. Arena /KAB*

Brooke D. Arena

# Exhibit 31

1   STEPHEN L. SCHIRLE (State Bar No. 96085)
    SLSw@pge.com
2   PACIFIC GAS AND ELECTRIC COMPANY
    77 Beale Street, B30A
3   San Francisco, CA 94105
    Telephone:    (415) 973-5357
4   Facsimile:    (415) 973-5520

5   PATRICIA K. GILLETTE (State Bar No. 74461)
    pgillette@orrick.com
6   BROOKE D. ARENA (State Bar No. 238836)
    barena@orrick.com
7   LENA P. RYAN (State Bar No. 258782)
    lenaryan@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
9   405 Howard Street
    San Francisco, CA  94105-2669
10  Telephone:    (415) 773-5700
    Facsimile:    (415) 773-5759

11
    Attorneys for Defendant
12  PACIFIC GAS AND ELECTRIC COMPANY

13

14                   UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

18  VARUN PAUL, an individual,              Case No.  3:09-cv-04751-RS

19              Plaintiff,                   **DEFENDANT PACIFIC GAS AND
                                             ELECTRIC COMPANY'S FIRST SET
20        v.                                 OF SPECIAL INTERROGATORIES
                                             TO PLAINTIFF VARUN PAUL**
21  PG&E CORPORATION, a California
    Corporation, PACIFIC GAS AND
22  ELECTRIC COMPANY, a California
    Corporation, and DOES 1-10, individually,
23  et al.,

24              Defendants.

25

26  PROPOUNDING PARTY:   Defendant PACIFIC GAS AND ELECTRIC COMPANY

27  RESPONDING PARTY:    Plaintiff VARUN PAUL

28  SET NUMBER:          ONE

**TO PLAINTIFF VARUN PAUL AND HIS ATTORNEYS OF RECORD:**

Defendant Pacific Gas and Electric Company ("Defendant" or "PG&E") hereby requests that plaintiff Varun Paul ("Plaintiff") answer the following special interrogatories separately and fully, in writing, and under penalty of perjury, within thirty (30) days after service.

**DEFINITIONS AND INSTRUCTIONS**

For purposes of this request, the following definitions and instructions shall apply:

1. "YOU" and "YOUR" mean plaintiff Varun Paul, his agents, legal representatives, and all others acting or purporting to act on his behalf.

2. The term "DEFENDANT" and "PG&E" means Defendant Pacific Gas and Electric Company.

3. The term "COMPLAINT" means the First Amended Complaint that was filed by Plaintiff in United States District Court on November 4, 2009.

4. The term "IDENTIFY" with regard to a natural person shall mean to provide the name of the person; the title, if applicable, of the person; the nature of your relationship, e.g., brother, spouse, father, friend, or co-worker, with the person; the person's last known work and home addresses; and the person's last known work and home phone numbers.

5. "ANY" shall be understood to include and encompass "ALL." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things which might otherwise be construed to be outside its scope.

6. In answering these interrogatories, YOU are required to provide all information that is available to YOU, including information in the possession of YOUR attorneys, and not merely information known of YOUR own personal knowledge. If YOU cannot answer the interrogatory in full, answer to the extent YOU are able to do so, state the reason for YOUR inability to answer further, and state the knowledge or information available to YOU concerning the unanswered portion.

///

1     7. If you claim that any information sought by these interrogatories or requests is
2 protected from disclosure by the attorney-client privilege, the work product doctrine, or any other
3 privilege, YOU are required to identify such information by subject matter and to state with
4 particularity the facts and legal grounds which YOU believe prevent the disclosure of the
5 information.

6 **SPECIAL INTERROGATORIES**

7 **SPECIAL INTERROGATORY NO. 1:**

8     Identify by date, time, and subject matter each instance in which you claim to have
9 "engaged in protected activity within the meaning of 18 U.S.C. § 1514A(a) by causing
10 information to be provided regarding misconduct," as set forth in paragraph 98 of your
11 COMPLAINT.

12 **SPECIAL INTERROGATORY NO. 2:**

13     For each instance you identified in response to Interrogatory No. 1, above, identify any
14 person or persons to whom you claim to have provided information.

15 **SPECIAL INTERROGATORY NO. 3:**

16     For each instance you identified in response to Interrogatory No. 1, identify the manner in
17 which you claim to have provided information (e.g., email, telephone conversation, etc.).

18 **SPECIAL INTERROGATORY NO. 4:**

19     Identify by date, time, and subject matter each instance in which you claim to have
20 "engaged in a protected activity by complaining of disparate treatment, hostile work environment
21 and unlawful employment practices," as set forth in paragraph 114 of your COMPLAINT.

22 **SPECIAL INTERROGATORY NO. 5:**

23     For each instance you identified in response to Interrogatory No. 4, above, identify any
24 person or persons to whom you claim to have complained.

25 ///
26 ///
27 ///
28 ///

- 2 -

**SPECIAL INTERROGATORY NO. 6:**

For each instance you identified in response to Interrogatory No. 4, above, identify the manner in which you claim to have complained (e.g., email, telephone conversation, etc.).


Dated: December 14, 2010

PATRICIA K. GILLETTE
BROOKE D. ARENA
LENA P. RYAN
ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____
          LENA P. RYAN
       Attorneys for Defendants
     PACIFIC GAS AND ELECTRIC
   COMPANY and PG&E CORPORATION

- 3 -

## DECLARATION OF SERVICE BY MAIL

I am more than eighteen years old and not a party to this action. My business address and place of employment is Orrick, Herrington & Sutcliffe LLP, The Orrick Building, 405 Howard Street, San Francisco, California 94105-2669.

On December 14, 2010, I served I served the following document::

**DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFF VARUN PAUL**

on the interested parties in this action by placing a true and correct copy thereof in sealed envelope addressed as follows:

> Dow W. Patten, Esq.
> Law Offices of Spencer F. Smith
> 353 Sacramento Street, Suite 1120
> San Francisco, CA 94111

I am employed in the county from which the mailing occurred. On the date indicated above, I placed the sealed envelope for collection and mailing at this firm's office business address indicated above. I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 14, 2010, in the City and County of San Francisco, State of California.

_____
Mirtha Rodas

DEFENDANT PG&E'S FIRST SET OF
SPECIAL INTERROGATORIES TO PLAINTIFF
(3:09-CV-04751-RS)